0      IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-30117

Summary Calendar

---

VELMA NUCKLEY, Individually and as surviving spouse of Felix
Edward Nuckley, Jr.; ROBERT JAMES NUCKLEY;
KEVEN JOSEPH NUCKLEY,

Plaintiffs-Appellants,

versus

VOLVO TRUCKS NORTH AMERICA INC.; Etc.; ET AL.,

Defendants,

THE HEIL COMPANY,

Defendant - Appellee.

---

Appeal from the United States District Court
For the Middle District of Louisiana
USDC No. 98-CV-1040-C

---

May 31, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Appellants ask us to overturn the district court's grant of summary judgment, asserting the presence of material fact disputes. We are unpersuaded and now affirm.

Felix Nuckley was employed in the fleet maintenance division of Waste Management, Inc. On December 3, 1997, Nuckley attempted to

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

replace a seal or gasket on the tailgate of one of WMI's garbage disposal trucks. The body of the truck was manufactured by Heil Company. To replace the seal, the tailgate must be raised and held in an upright position. In lieu of the prop (or stand) recommended in the Heil manual accompanying the truck body, Nuckley had fashioned a stand from scrap pipe. On the day of the events in question, Nuckley enlisted a co-worker to assist him in using this pipe to hold the tailgate open while he undertook repairs. While the co-worker was on break, the tailgate fell on Nuckley, pinning him to the truck. He subsequently died of his injuries.

Nuckley's widow and children filed suit in federal court, alleging violations of the Louisiana Products Liability Act. The Act provides that a manufacturer is responsible for damages caused by an unreasonably dangerous product "when such damage arose from a reasonably anticipated use of the product . . . ."[1] The district court granted summary judgment in favor of Heil, finding that Nuckley's actions did not constitute a reasonably anticipated use of the truck body.[2]

The evidence amply supports the court's conclusion. Heil provided its customers with detailed instructions regarding the kind of prop that was necessary to hold open the tailgate. The Heil

---

[1] La. R.S. 9:2800.54(A) (2001).

[2] *See Kampen v. Am. Isuzu Motors, Inc.*, 157 F.3d 306, 309 (5th Cir. 1998) (en banc) (holding that a court need not address whether a product is "unreasonably dangerous" if it first determines that the damage did not arise from a "reasonably anticipated use").

manual also included warnings regarding the danger of physical harm from incorrect use of equipment.[3] Moreover, the undisputed evidence reveals that the entire crew of waste management maintenance workers - including Nuckley - had been instructed to use only a prop fashioned according to the specifications contained in the Heil manual.[4] Nuckley himself had constructed four such props. In addition, the danger associated with wedging a 26-inch pipe in the tailgate opening should have been obvious to a reasonable person.[5]

Appellants can point to no contrary evidence. While Appellants' expert testified that movement of the truck could tip the prop specified in the Heil manual, there was no evidence that the truck was moved in this case. Nuckley's use of a 26-inch piece of scrap pipe is not a reasonably anticipated response to the danger of tipping alleged by the expert. Despite the standard of review applicable to this case,[6] we can not discern a genuine issue of material fact. We therefore AFFIRM the district court's ruling.

AFFIRMED.

---

[3] *See id.* at 313-14.

[4] *See Hunter v. Knoll Rig & Equip. Mfg. Co.*, 70 F.3d 803, 808-10 (5th Cir. 1995) (reversing jury verdict on a finding that plaintiff's actions were contrary to industry practice and occurred in the face of an obvious danger).

[5] *See Lockart v. Kobe Steel Ltd. Const. Machinery Div.*, 989 F.2d 864, 868-69 (5th Cir. 1993) (affirming summary judgment under the Act based, inter alia, on presence of obvious danger).

[6] *See* Fed. R. Civ. P. 56(c) (2001); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).